### GEORGE G. GIBSON *vs.* JOSIAH P. COOKE.

Where property, real and personal, was devised in trust, the rents, issues, and income thereof to be paid to the *cestui que trust*, and a part of the real estate was taken for a rail-road, and the damages thereby caused were paid to the trustee ; it was held that such damages were not income, &c. to be paid to the *cestui que trust*, but were a substituted capital, of which the interest only was payable to him.

BILL in equity, praying that the defendant may be compelled to pay to the plaintiff his distributive share of money received by the defendant of the Boston and Worcester Rail-road Corporation, for damages awarded by reason of their having taken to their use certain real estate, the income of which was devised, by Susan Gibson, to the plaintiff and others. From the bill and answer, it appeared that the said Susan Gibson, by her last will which was duly admitted to probate, after making certain bequests, devised the remainder of her estate, real and personal, to the defendant, in trust, to collect the rents, issues, and income, and to pay over the net proceeds, once a quarter, equally to and among her children, of whom the plaintiff was one. The testatrix also directed that no part of her real estate should be sold, except to pay legacies, while any of her children should be alive. The defendant was constituted sole executor of this will, as well as sole trustee under the residuary clause therein, and gave the bonds required by law in such cases, on the 11th of May, 1829. On the 30th of December, 1833, he received from said rail-road corporation a sum of money awarded as damages, as above mentioned, and has ever since included the interest thereon with the other rents and profits of the estate, and distributed the whole, quarterly, among the testator's children ; supposing the said sum so received as damages, to be a part of the capital, which should not be distributed.

The case was submitted without argument.

SHAW, C. J. The damages received from the rail-road corporation are not income within the meaning of the will which constituted the defendant a trustee, and prescribed his duties. The easement acquired by the corporation is substantially a de-

struction of the estate, although a naked fee therein remains to the trustee or *cestui que trusts.* The money received as damages 's to be regarded as capital substituted, by act of law, in the place of the land taken ; and the income thereof is to be distributed, as the income of the land would have been, if no easement had been created therein. *Emerson v. Cutler,* 14 Pick. 118.